200 So. 577

## YOUNGBLOOD v. STATE.

### 4 Div. 635.

Court of Appeals of Alabama.

Feb. 18, 1941.

Fleming & Paul, of Elba, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooncyham, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, sixty-three years of age, and badly ruptured, was convicted of the offense of having carnal knowledge of his stepdaughter, not yet twelve years of age at the time of the intercourse. Code 1928, § 5410.

The evidence, while not in some respects entirely satisfactory to the judicial mind, made a case that could be decided only by the jury.

But the State was allowed to ask Dr. W. C. Braswell, a physician of high repute residing in the community, and who attended the girl in question at the time she gave birth to a baby, if the girl did not state to him that the appellant was the father of her child. Over appellant's objection, with due exception reserved, Dr. Braswell was allowed to answer the question. And he said she did so state.

We think the ruling of the court, indicated above, was error, and, obviously, we believe, highly prejudicial to appellant. The testimony thus admitted seems to us to fall squarely within the rule which excludes hearsay testimony.

For this error the judgment will be reversed and the cause remanded.

No other questions seem worthy of discussion.

Reversed and remanded.